## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KYLE BRODERICK,

          Petitioner,

    v.

WARDEN C. HOWARD,

          Respondent.

No. 4:19-CV-02209

(Judge Brann)

### MEMORANDUM OPINION

### JULY 7, 2020

Presently before the Court is Petitioner Kyle Broderick's petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241.[1]  Petitioner, who is presently serving a prison term after his supervised release was revoked, seeks good conduct time from the retroactive application of §102 of the First Step Act to his original prison term and his first revocation prison term and for it to be applied to his current prison term.[2]  Respondent submitted an answer, and the petition is now ripe for disposition.[3]  For the reasons that follow, the petition will be dismissed.

---

[1]  Doc. 1.
[2]  *Id.*
[3]  Doc. 7.  Petitioner did not submit a reply, and the time for doing so has now passed.

## I.    BACKGROUND

Petitioner is presently incarcerated at the Federal Correctional Institution at Allenwood, in White Deer, Pennsylvania, and has a projected release date of July 15, 2020.[4]

Petitioner is serving a two-year prison sentence from the revocation of his supervised release.[5]  Petitioner was originally sentenced on March 31, 2011 in the United States District Court for the Eastern District of New York for possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i), and distribution and possession with intent to distribute heroin and cocaine base in violation of 21 U.S.C. § 841(a)(1)(C).[6]  Petitioner was sentenced to a total of ninety-seven months' imprisonment followed by five years of supervised release; this was later reduced to ninety months' imprisonment due to a retroactive change in the sentencing guidelines pursuant to 18 U.S.C. § 3582(c)(2).[7]

After Petitioner was released from his original term of imprisonment and while he was serving his term of supervised release, his sentencing court revoked his supervised release due to a violation of the conditions of his terms of release.[8]

---

[4]    Doc. 7 at 4.
[5]    *Id.* at 2.
[6]    *Id.* at 2-3.
[7]    *Id.* at 3.
[8]    *Id.* at 3.

Thus, on September 14, 2017, Petitioner was sentenced to one year and one day of imprisonment along with a new two-year term of supervised release.[9]

After Petitioner was released from his one year and a day term of imprisonment and while he was serving his second term of supervised release, his sentencing court again revoked his supervised release due to another violation of the conditions of his terms of release.[10]  For this violation, Petitioner was sentenced to a term of twenty-four months of imprisonment with no supervised release.[11]  Petitioner is presently serving that twenty-four month sentence.[12]

Petitioner filed the instant petition for writ of habeas corpus under 28 U.S.C. § 2241 on December 29, 2019.[13]  In it, he argues that he is entitled to good conduct time earned during his original sentence of imprisonment beginning March 31, 2011, and his imprisonment after revocation of his first term of supervised release on September 14, 2017.[14]  To support his argument, Petitioner cites *United States v. Venable*.[15][16]  Relevant here, Respondent explains in the answer that Petitioner has not filed any administrative remedies regarding his request for additional good time

---

[9]   *Id.* at 3.
[10]  *Id.* at 3-4.
[11]  *Id.* at 4.
[12]  *Id.*
[13]  Doc. 1.
[14]  Doc. 2 at 1.
[15]  943 F.3d 187 (4th Cir. 2019)
[16]  *See* Doc. 2.

3

credits.[17]  Petitioner has not filed a reply nor has he otherwise addressed whether he
sought to exhaust his claim.

## II.    DISCUSSION

Petitioner is seeking the award of additional good time credits towards his
current sentence resulting from a revocation of supervised release.  The petition must
be dismissed, however, because Petitioner has failed to exhaust his administrative
remedies.

A prisoner must exhaust all stages of the administrative remedy system prior
to the filing of a habeas petition under 28 U.S.C. § 2241.[18]  Requiring inmates to
exhaust their remedies serves a number of purposes, such as "(1) allowing the
appropriate agency to develop a factual record and apply its expertise facilitates
judicial review; (2) permitting agencies to grant the relief requested conserves
judicial resources; and (3) providing agencies the opportunity to correct their own
errors fosters administrative autonomy."[19]  Exhaustion of administrative remedies
requires compliance with an agency's deadlines, other critical procedural rules, and
all steps of the available administrative process.[20]

---

[17]   Doc. 7 at 4.
[18]   *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996); *Bradshaw v. Carlson*,
       682 F.2d 1050, 1052 (3d Cir. 1981) ("A federal prisoner ordinarily may not seek habeas
       corpus relief until he has exhausted all administrative remedies."); *Arias v. U.S. Parole
       Commission*, 648 F.2d 196 (3d Cir. 1981).
[19]   *Moscato*, 98 F.3d at 761-62.
[20]   *Woodford v. Ngo*, 548 U.S. 81, 90-92 (2006); *Jones v. Bock*, 549 U.S. 199, 218 (2007)
       (proper exhaustion defined by applicable prison requirements).

Relevant here, in order to exhaust administrative remedies, a federal prisoner must first attempt to informally resolve the dispute with institution staff.[21]  Then, if informal resolution efforts fail, the prisoner may raise his complaint to the warden of the institution in which he is confined.[22]  If the warden denies the administrative remedy request, the prisoner may next file an appeal with the regional director within twenty days from the date of the warden's response.[23]  Finally, if the regional director denies the appeal, the prisoner may then appeal that decision to the general counsel of the Federal Bureau of Prisons within thirty days from the date of the regional director's response.[24]

Here, Petitioner has not filed any grievances regarding the award of additional good time credits or the application of any such credits to his current sentence.[25]  Because the time for filing such a grievance has now expired, Petitioner's claim has been procedurally defaulted.  "[I]f a prisoner has failed to exhaust his administrative remedies due to a procedural default and the default renders unavailable the administrative process, review of his habeas claim is barred unless he can demonstrate cause and prejudice."[26]  Petitioner has failed to file a reply or to present any circumstances that would demonstrate cause and prejudice.  Petitioner does

---

[21]  *See* 28 C.F.R. § 542.13.
[22]  *See* 28 C.F.R. § 542.14.
[23]  *See* 28 C.F.R. § 542.15.
[24]  *See* 28 C.F.R. § 542.15.
[25]  *See* Doc. 1 at 2.  *See also* Doc. 7 at 4 (confirming no grievance has been filed).
[26]  *Moscato*, 98 F.3d at 761.

suggest in his petition that the BOP's Destination Sentence Computation Center ("DSCC"), which is responsible for the calculation and application of good time credits to a federal prisoner's sentence, lacks jurisdiction to award the relief that Petitioner requests, and thus the Court will consider whether exhaustion may be excused.[27]

The failure to exhaust may be excused if (1) it would be futile, (2) the actions of the agency clearly and unambiguously violate a statutory or constitutional right, or (3) the administrative remedy process would be clearly inadequate to prevent irreparable harm.[28]  In the petition, Petitioner states that "[t]he DSCC does not have the jurisdiction to decide the claim that petitioner is raising before the court."  This is insufficient to establish futility as an excuse to administrative exhaustion. Petitioner has not established that the DSCC or that others involved in the grievance process would lack the authority to award additional good time credits if Petitioner had a right to those credits.  Further, even accepting Petitioner's argument, "[c]ourts in the Middle District of Pennsylvania have consistently held that 'exhaustion of administrative remedies is not rendered futile simply because a prisoner anticipates he will be unsuccessful in his administrative appeal.'"[29]  Petitioner has failed to

---

[27] *See Arias*, 648 F.2d at 199 (noting that if a prisoner does not exhaust available administrative remedies, the petition should be dismissed).

[28] *See Lyons v. U.S. Marshals*, 840 F.2d 202, 205 (3d Cir. 1988).

[29] *Suarez-Sanchez v. Lane*, No. 4:18-CV-1431, 2019 WL 1645231, at *2 (M.D. Pa. Mar 5, 2019) at *3 (quoting *Malvestuto v. Martinez*, No. 1:09-CV-1339, 2009 WL 2876883, at *3 (M.D. Pa. Sept 1, 2009), and citing *Ross v. Martinez*, No. 4:09-CV-1770, 2009 WL 4573686, at *3 (M.D. Pa. Dec 1, 2009)).

demonstrate futility sufficient to excuse exhaustion, and, as the claim in it is unexhausted, the petition must be dismissed.[30]

## III. CONCLUSION

For the reasons set forth above, the petition will be dismissed.  An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[30] In the alternative, the Court would deny the petition on the merits because Petitioner has no right to any additional credits under § 102 of the First Step Act.  The First Step Act changed how a federal prisoner's good time credits are calculated, mandating a method of calculation that would result in up to 54 days for each year of the prisoner's sentence, assuming that the prisoner earns all time to which he is entitled.  *See* 18 U.S.C. § 3624(b)(1).  Petitioner's prior sentences of ninety months and one year and one day of imprisonment were both completed prior to the enactment of the First Step Act and are beyond its purview; Petitioner's current term of imprisonment is based on new conduct.  *See*, *e.g.*, *Barkely v. Dobbs*, No. 19-cv-3162, 2019 WL 6318742 (D.S.C. Nov. 25, 2019).  Notably, the *Venable* case cited by Petitioner involved a different section of the First Step Act, and is inapposite to Petitioner's circumstances.  As Respondent cites in its answer, those courts that have considered Petitioner's argument have rejected it.  *See* Doc. 7 at 15-18.